UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLE DOUGLAS,

Plaintiff,

v. Case No. 8:25-cv-1153-CPT

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.
______________________________/

**O R D E R**

Before the Court is Plaintiff Cole Douglas's *Amended Motion for Remand under Sentence Six of 42 U.S.C. § 405(g)*.[1] (Doc. 22). For the reasons set forth below, the Plaintiff's motion is denied.

I.

The Plaintiff received supplemental security income (SSI) as a child due to a disability. *See* (R. 258–64). Upon attaining the age of eighteen in late March 2021, the Plaintiff's eligibility was reevaluated by the Social Security Administration (SSA) under the standard for disability in adulthood. *Id.* at 97–100. As a result of this review,

[1] The Court denied an earlier motion by the Plaintiff seeking the same relief because the motion did not comply with the Court's Local Rules. *See* (Docs. 11, 12).

the SSA found that the Plaintiff was no longer disabled as of December 1, 2021. *Id.* That finding was upheld on reconsideration. *Id.* at 117–28, 133–37.

At the Plaintiff's request, an ALJ conducted a hearing on the matter in late June 2024. *Id.* at 33–60. The Plaintiff was represented by counsel at that proceeding and testified, as did a vocational expert. *Id.* at 16, 35.

In a decision issued in early July 2024, the ALJ determined that the Plaintiff (1) was eligible for SSI benefits as a child for the month preceding the month in which she[2] turned eighteen but was deemed no longer to be disabled as of December 1, 2021, based on the SSA's disability reassessment; (2) suffered from the severe impairments of depression, borderline intellectual functioning, and unspecified obsessive-compulsive disorder; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[3] (4) had the residual functional capacity to perform a full range of work at all exertional levels subject to certain non-exertional limitations; and (5) had no past relevant work experience but was capable of making a successful adjustment to other jobs which exist

[2] The record reveals that the Plaintiff has previously identified as other than a woman. *See* (R. 41). In her instant motion, however, the Plaintiff refers to herself using feminine pronouns. (Doc. 22). The Court will accordingly employ the same convention here.

[3] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA deems significant enough to prevent a person from performing any gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(iii). When a claimant's affliction matches an impairment in the listings, the claimant is automatically entitled to disability benefits. *See id.*; *see also Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

in significant numbers in the national economy. (R. 16–27). Given these findings, the ALJ concluded that the Plaintiff was not disabled as of December 2021. (R. 27).

The Plaintiff sought review before the SSA's Appeals Council in early February 2025, but that appeal was dismissed as untimely in late March 2025. *Id.* at 1–12. This civil action followed. (Doc. 1).

By way of the instant motion, the Plaintiff now asks that this case be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) "for consideration of . . . new and material evidence generated after the [ALJ's] decision." (Doc. 22 at 3). The Commissioner opposes this request. (Doc. 23).

II.

Sentence six of section 405(g) authorizes a court "to remand [a social security proceeding] to the Commissioner to consider new evidence presented for the first time" on an appeal in a federal case. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). To secure such a remand—often known as a "sentence six remand"—a claimant must demonstrate that (1) there is new, noncumulative evidence; (2) the new evidence is material—that is, the evidence is chronologically relevant and probative such that there is a reasonable possibility it would alter the administrative result; and (3) there is good cause for the claimant's failure to submit the evidence at the administrative level. *See Reeves v. Comm'r, Soc. Sec. Admin.*, 817 F. App'x 898, 901 (11th Cir. 2020) (per curiam)[4] (citing *Hunter v. Soc. Sec. Admin., Comm'r*,

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

808 F.3d 818, 821 (11th Cir. 2015)). A claimant bears the burden as to each element of this tripart test. *See Levy v. Astrue*, 2008 WL 4753518, at *16 (S.D. Fla. Oct. 28, 2008) (citing *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)).

In this case, the allegedly new and material evidence consists of approximately forty pages of records from Florida Diabetes and Endocrinology (FDE) which concern the Plaintiff's thyroid condition. *See* (Doc. 22-1). At the ALJ hearing, the Plaintiff testified about this affliction, which her counsel characterized at the proceeding as a "non-severe impairment[ ]." (R. 40).

The ALJ addressed this malady in his decision, characterizing it—like Plaintiff's counsel—to be a non-severe impairment. (R. 18). In support of this determination, the ALJ stated:

> [T]he record shows the [Plaintiff] has been treated or evaluated for other symptoms and complaints that appear periodically throughout the record such as[,] but . . . not limited to, the diagnosis of hypothyroid[ism] and Attention Deficit Disorder. The medical record details the [Plaintiff] is prescribed medication to treat her thyroid impairment[,] which has been stable without significant symptoms[,] and she denied any endocrine impairment[,] making her susceptible to changes in temperature or other environmental factor[s]. However, these alleged impairments, considered singly or together, have caused only transient and mild symptoms and limitations, are well controlled with treatment, have not met the [twelve]-month-durational requirement,[5] or are otherwise not adequately supported by the medical evidence in the record.

11th Cir. R. 36-2.

[5] As the ALJ noted in his decision, the twelve-month-durational requirement is one of the criteria for a finding of disability. *See* (R. 16) ("Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that *has lasted or can be expected to last for a continuous period of not less than [twelve] months*.") (emphasis added).

*Id*. (internal citations omitted).

In her instant motion, the Plaintiff now asserts that "shortly after" the ALJ handed down his decision, she was diagnosed with "Hashimoto's thyroiditis with worsening symptoms[, including chronic fatigue,] despite medication management." (Doc. 22 at 2). The Plaintiff maintains that if the ALJ had the benefit of the FDE records prior to making his decision, there is a reasonable probability his disability determination would have been different. *Id*. at 3–4. This argument is unavailing.

As an initial matter, the Plaintiff does not identify the specific portions of the FDE treatment notes and other materials upon which she is relying, nor does she meaningfully explain how these items buttress her position. *See* (Doc. 22-1). Instead, she leaves it to the Court to rummage through the documents—which contain medical jargon and other abstruse terms—in an attempt to divine what evidence may be helpful to the Plaintiff's challenge. It is not the role of the Court to engage in such efforts. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (pointing out that "making district courts dig through . . . documents . . . shift[s] the burden of sifting from [the parties] to the courts" and that "judges are not required to ferret out delectable facts buried" in the record) (internal quotation marks and citation omitted)); *Almonte v. Comm'r of Soc. Sec.*, 2024 WL 4201920, at *2 n.1 (M.D. Fla. Mar. 8, 2024) ("The [c]ourt will not scour the record in search of material that purports to support [a party's] argument."); *Howell v. Baldwin Cnty. Bd. of Educ.*, 2024 WL 265874, at *15 (S.D. Ala. Jan. 24, 2024) (observing that it "is not the task of th[e c]ourt to scour the record to find evidence in support of the parties' positions").

Irrespective of this threshold issue and even assuming that the FDE records constitute new, noncumulative evidence under the first element of the tripart test,[6] the Plaintiff does not show that the records fulfill the second requirement regarding materiality. *Reeves*, 817 F. App'x at 901. To satisfy this element, a claimant must establish that the evidence in question "relate[s] to the period on or before the ALJ's decision." *Castrenze v. Comm'r of Soc. Sec.*, 2024 WL 3851112, at *3 (M.D. Fla. Aug. 1, 2024) (citing *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863–64 (11th Cir. 2012)), *report and recommendation adopted,* 2024 WL 3849871 (M.D. Fla. Aug. 16, 2024); *see also Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

As best the Court can discern from the FDE materials here, the Plaintiff was not diagnosed with Hashimoto's thyroiditis until late January 2025, which was more than six months after the ALJ's decision. (Doc. 22-1 at 26, 33). The Plaintiff does not persuasively argue that such a temporally distant diagnosis pertains "to the period on or before the ALJ's decision," *Castrenze*, 2024 WL 3851112, at *3, especially given the fact that—as described above—the Plaintiff's thyroid condition was not a severe impairment at the time of the ALJ's decision. *See* (R. 18, 40).

Nor does the Plaintiff fulfill the third element's good cause requirement. *Reeves*, 817 F. App'x at 901. It is apparently uncontested that the most recent FDE materials bear the date of January 25, 2025 (Doc. 22-1 at 33), and that the Plaintiff—who was

---

[6] The Commissioner does not contend that the FDE records fail to meet this first element. *See* (Doc. 23 at 4).

represented by counsel throughout the administrative proceedings—filed her request for review with the Appeals Council roughly a week later, on February 3, 2025. (R. 4). Despite the fact that the entirety of the FDE records were therefore in existence before the Plaintiff commenced her appeal, she does not adequately explain her failure to present these documents to the Appeals Council while the matter was in front of the Council.[7] *See Enix*, 461 F. App'x at 863 (finding that the claimant failed to show good cause where she could have, but did not, tender the pertinent items to the SSA "while [her] administrative proceedings were ongoing").

In sum, while the Court understands that the Plaintiff's thyroid problems may have worsened since the ALJ's decision and that this may be bear on her eligibility for benefits later on, she has not met her burden of showing that the FDE records warrant a sentence six remand here. *Id.* ("Evidence of deterioration of a previously considered condition may subsequently entitle a claimant to benefits from a new application, but it is not probative of whether a person is disabled during the specific period under review.") (citing *Wilson*, 179 F.3d at 1279).

---

[7] The Plaintiff does not assert, nor could she, that she was barred from providing the FDE materials to the Appeals Council. Indeed, the form for seeking Appeals Council review clearly states that (1) a claimant "may submit *any* additional evidence or argument to the Appeals Council;" and (2) if a claimant has "additional evidence . . . related to the period on or before the date of the hearing decision, [she] *must* inform the Appeals Council about it or submit it, or any other evidence or argument, when [she] submit[s] this form[.]" (R. 9) (emphasis added).

III.

For the reasons stated above, it is hereby ORDERED:

1. The Plaintiff's *Amended Motion for Remand under Sentence Six 42 U.S.C. § 405(g)* (Doc. 22) is denied.

2. The Clerk of Court is directed to terminate any pending motions and deadlines and to close the case.

SO ORDERED in Tampa, Florida, this 31st day of August 2026.

Christopher P. Tuite

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record